THE COMMERCIAL AND RAIL ROAD BANK OF VICKSBURG, PLAIN-
TIFF IN ERROR, *vs.* SLOCOMB, RICHARDS AND COMPANY, DEFEND-
ANTS IN ERROR.

An action was brought in the Circuit Court of Mississippi, against the Commercial and
Rail Road Bank of Vicksburg, Mississippi, by parties who were citizens of the state of
Louisiana. The defendants pleaded in abatement, by attorney, that they are an aggregate
corporation, and that two of the stockholders resided in the state of Mississippi. The
affidavit to the plea was sworn to by the cashier of the bank, before the "Deputy clerk."
It was not entitled as of any term of the Court. The plaintiffs demurred to the plea.
Held, that the appearance of the defendants in the Circuit Court, by attorney, was
proper; and that if any exceptions existed to this form of the plea, they should have
been urged to the receiving of it when it was offered, and are not causes of demurrer.
Held, that the Circuit Court of Mississippi had no jurisdiction of the case.
The artificial being, a corporation aggregate, is not, as such, a citizen of the United States;
yet the Courts of the United States will look beyond the mere corporate character, to the
individuals of whom it is composed: and if they were citizens of a different state from
the party sued, they are competent to sue in the Courts of the United States; but all
the corporators must be citizens of a different state from the party sued. The same prin-
ciple applies to the individuals composing a corporation aggregate, when standing in the
attitude of defendants, which does when they are in that of plaintiffs.
The act of Congress, passed February 28th, 1839, entitled "an act in amendment of the
acts respecting the judicial system of the United States," did not contemplate a change
in the jurisdiction of the Courts of the United States, as it regards the character of the
parties as prescribed by the Judiciary Act of 1789, as that act has been expounded by
the Supreme Court of the United States: which is, that each of the plaintiffs must be
capable of suing, and each of the defendants capable of being sued.

IN error to the Circuit Court of the United States for the Southern
District of Mississippi.

Cora A. Slocomb, Robert Richards, and Romanzo W. Mont-
gomery, styling themselves citizens of Louisiana, trading under the
firm of Slocomb, Richards and Company, sued the President,
Directors, and Company of the Commercial and Rail Road Bank
of Vicksburg, styling them citizens of the state of Mississippi,
living and resident in the Southern District thereof, being a banking
company, incorporated by the Legislature of the state of Missis-
sippi, located in the Southern District aforesaid. The suit was
upon a certificate of deposite for three thousand five hundred and
forty-one dollars and thirty-four cents.

To the declaration of the plaintiffs, averring as above stated, the
defendants put in the following plea:

"The said defendants by attorney come and say, that this Court
ought not to have or take further cognisance of the action afore-
said, because they say that they are a corporation aggregate, and
were at the time this suit was instituted, and yet so continue to be,
and that the corporators, stockholders, or company, are composed
of citizens of other and different states, to wit: That William M.
Lambeth, and William E. Thompson, citizens of the state of Lou-

[The Commercial and Rail Road Bank of Vicksburg *vs.* Slocomb et al.]

isiana, are now, and were at the time this suit was instituted, stockholders and corporators therein; and this," &c.

The following affidavit was subjoined to the plea:

" James Roach, acting cashier for the Commercial and Rail Road Bank of Vicksburg, the defendants in the above case, makes oath, and says, the above plea is true in substance and fact.
                                                                    " Signed, J. ROACH.

" Sworn to, and subscribed before me, this 4th day of November, 1839.
                              " Signed, GEORGE W. MILLER, *Deputy Clerk.*"

To this plea the plaintiffs demurred, and assigned the following special causes, to wit:

1. The said plea in abatement is not properly entitled of any term of this Court.

2. The affidavit in support of said plea is not sufficient, nor is the same properly attested.

3. The matters set forth in said plea are not sufficient to abate the plaintiffs' suit.

The demurrer was sustained and judgment rendered for the plaintiffs.

The defendants prosecuted this writ of error.

Mr. Sergeant for the plaintiffs in error, assigned as error in the judgment of the Circuit Court, the following points:

1. The alleged defect in the plea in abatement of the defendants below, and the want of a proper affidavit, and attestation of the plea, are not causes of demurrer.

2. If they are causes of demurrer, the plea was legal, and sufficient; and if not so, the judgment of the Circuit Court should have been to answer over.

3. The causes assigned as sufficient to abate the plaintiffs' suit, and which, being matter of general demurrer, did not require to be specially assigned, is not founded in law. On the contrary, the facts stated in the plea, and admitted by the demurrer, are sufficient in law to take away the jurisdiction of the Court, and entitled the defendants to judgment.

4. That if the plea and affidavit were informal, still the facts stated in them, however and whenever appearing, were fatal to the jurisdiction; which cannot be maintained bv consent, or by waiver of the parties, or either of them.

Mr. Sergeant contended that the principal question in this case, whether all the members of a corporation aggregate, should be citizens of the state in which the suit was brought, had been frequently decided by the Court.

The jurisdiction of the Circuit Courts of the United States, the Circuit Courts having limited jurisdiction, extended only to controversies between citizens of other states, and those of the state in

which the action was brought, so far as the law had an application to the case before the Court. It has also been decided, that although a corporation cannot be considered a citizen of the state erecting it, yet the Court will look behind its charter, and if it finds the corporators citizens of one state, will recognise the right of those corporators to sue in the Circuit Courts. But it will apply to them the same principles and rules which are applicable to all parties coming into the Courts of the United States. All the corporators must be citizens of the state in which the suit is instituted, to give the Court jurisdiction. Cited, Strawbridge *vs.* Curtis, 3 Cranch, 267. The Bank of the United States *vs.* Deveaux, 5 Cranch, 61.

Nor did the appearance of the plaintiffs in error, by attorney, in the Circuit Court, deprive them of a right to except to the jurisdiction of the Court. The action was against them, an aggregate corporation, and there could be no appearance but by attorney.

The counsel for the defendants in error rely on the provisions of an act of Congress passed on the 28th of February, 1839, relating to the judicial system of the United States.

An examination of the provisions of that statute, and a fair construction of them, will satisfy the Court that it was meant to apply only to parties who, under the judicial system, were properly parties to suits in the Circuit Court, but who might not have been served with process. The statute was not intended to change the character or the nature of the jurisdiction of the Circuit Courts of the United States.

Nor could that statute operate in the case before the Court; for the citizens of Louisiana who were members of the aggregate corporation sued by the defendants in error, would be affected by the judgment of the Circuit Court, if in favour of the plaintiffs below. The funds of the bank would be appropriated to pay the debt; and to those funds, as stockholders, they had the same right as any other of the corporators.

The objections to the exceptions of the plaintiffs below to the plea, and this affidavit; are left upon the points submitted to the Court. Whatever might be the value of these objections, had they been urged to the receiving of the plea, they cannot be assigned as causes of demurrer.

Mr. Henderson, for the defendants, contended that the objections to the jurisdiction of the Circuit Court had not been properly brought forward.

A foreign minister may be sued, if he does not make the objection in a proper form. The magistrate, or Court before whom the suit has been brought, cannot know of his exemption unless it shall be pleaded. It must be ascertained in a judicial form. Having omitted to plead the exemption, the jurisdiction is admitted. This is the principle which, by the rules of pleading, govern the case. 2 Cranch, 240. 1 Peters' Digest, 622.

The plea is defective because it excepts to the jurisdiction of the

Court, without the proper affidavit to sustain it. The affidavit should have been made by the persons who are alleged to have been improperly sued; and it should have been properly sworn to.

The act of Congress of 1839, applies to this case, and gave the Court jurisdiction. It provides for the absence of parties who may not have been served with process; and allows the Court to proceed without them, although the cause of action is joint.

The objection, that it is not stated at what term the plea in abatement was filed, is valid; because as the rule is that no such plea shall be received after an appearance, the period when the plea was filed cannot otherwise be known. Courts are not disposed to sustain pleas in abatement. A Court will not consider that the defendants sued were out of its jurisdiction, unless this shall be shown by proper pleading; and by this pleading in proper time. Cited, Story's Pleading, pl. 3. 7. Gold. Pleading, 238. sec. 7. Chitty's Pleading, 475. Chitty's Archbold, 688. 3 Mason's Rep. 9.

Mr. Justice BARBOUR delivered the opinion of the Court.

This is a writ of error to the Circuit Court of the United States, for the Southern District of Mississippi. It was an action on the case in assumpsit, brought by the defendants in error, citizens of Louisiana, against the plaintiffs in error.

The defendants in the Court below appeared by attorney, and pleaded to the jurisdiction of the Court; averring in their plea that they were a corporation aggregate, and that their corporators, stockholders, or company, were composed of citizens of other and different states; to wit, that William M. Lambeth and William E. Thompson, citizens of Louisiana, were, at the time that the suit was instituted, and at the time of filing the plea, stockholders and corporators therein.

The plaintiffs in the Court below demurred to this plea, assigning specially several causes of demurrer, as follows: 1. That the plea was not properly entitled of any term of the Court. 2. That the affidavit in support of the plea was not sufficient, nor was it properly attested. 3. That the matters set forth in the plea were not sufficient to abate the plaintiffs' suit.

The Court sustained the demurrer, and, gave judgment against the defendants, for three thousand five hundred and seventy-five dollars and fifty-four cents, in damages; being the amount of the principal and interest of a certificate of deposite, on which the suit was brought, and for the costs. To reverse this judgment, this writ of error is brought.

In examining the correctness of the judgment of the Court upon the demurrer, we throw out of consideration the two first causes assigned; because if there were any irregularity in the particulars stated, they could at most only be urged as objections to the receiving of the plea: but could not be relied upon as grounds of demurrer; the office of which is, to put in issue the legal effect of a plea, after it has been received.

The third cause assigned, which was, that the plea was not suffi-

cient to abate the plaintiffs' suits, raises the only question to be decided; and that is, whether, upon the state of the parties, as appearing upon the record, the Court had jurisdiction of the case.

It will be observed, that the plaintiffs were citizens of Louisiana; so averred to be in the declaration; and two of the members of the corporation sued were also citizens of Louisiana. They are so averred to be in the plea, and the demurrer admits the truth of this averment. The eleventh section of the Judiciary Act of 1789, gives to the Circuit Courts of the United States jurisdiction in cases where "the suit is between a citizen of the state where the suit is brought, and a citizen of another state."

This Court were called upon, at an early period, to construe this section of the Judiciary Act, in relation to the very question raised by the pleadings in this case.

In the case of Strawbridge and others *vs.* Curtis and others, 3 Cranch, 267, they decided that where there are two or more joint plaintiffs, and two or more joint defendants, each of the plaintiffs must be capable of suing each of the defendants in the Courts of the United States, in order to support the jurisdiction. And what is more particularly applicable to this case, in the case of The Bank of the United States *vs.* Deveaux and others, 5 Cranch, 61, this Court decided, that a corporation aggregate, composed of citizens of one state, might sue a citizen of another state in the Circuit Courts of the United States; that is, they in effect decided, that although the artificial being, a corporation aggregate, was not a citizen, as such, and therefore could not sue in the Courts of the United States, as such, yet the Court would look beyond the mere corporate character, to the individuals of whom it was composed; and if they were citizens of a different state from the party sued, they were competent to sue in the Courts of the United States. But still, upon the principle of Strawbridge *vs.* Curtis, all the corporators must be citizens of a different state from the party sued. And the doctrine of both these cases has ever since been held to be the law of this Court. It is perfectly clear, that the same principle applies to the individuals composing a corporation aggregate, when standing in the attitude of defendants, which does when they are in that of plaintiffs.

The application of these doctrines to this case, would seem to be decisive of its fate; unless there is something in other points which were argued at the bar to obviate their force. For it has already been stated that the plaintiffs in the Court below were citizens of the state of Louisiana, and two of the members of the corporation sued were also citizens of Louisiana; so that some of the defendants being citizens of the same state with the plaintiffs, it follows, that although each of the plaintiffs was capable of suing, yet each of the defendants was not capable of being sued in the Circuit Court of Mississippi.

But it was contended at the bar, that whatever might have been the original ground of objection to the jurisdiction of the Court, the

defendants had appeared by attorney; and that such an appearance waived all objection to the jurisdiction of the Court. This is admitted to be a well established rule, in pleas of this sort; in Courts of general jurisdiction, where the plea is interposed by individual defendants. We deem it unnecessary, for the purposes of this case, to inquire what would be the effect of an appearance by attorney of an individual defendant, in pleading such a plea in the Circuit Courts of the United States, which are of limited jurisdiction. But we are clearly of opinion, that in the case of a corporation aggregate, no waiver of an objection to jurisdiction could be produced, by their appearing and pleading by attorney : because, as such a corporation cannot appear but by attorney; to say that such an appearance would amount to a waiver of the objection, would be to say, that the party must from necessity forfeit an acknowledged right, by using the only means which the law affords of asserting that right.

It was further contended, that all objection to the state of the parties in this case was obviated by the act of Congress, passed February 28th, 1839, entitled, " An act, in amendment of the acts respecting the judicial system of the United States."

The first section of that act provides, " That where in any suit at law, or in equity, commenced in any Court of the United States, there shall be several defendants, any one or more of whom shall not be inhabitants of, or found within the district where the suit is brought, or shall not voluntarily appear thereto, it shall be lawful for the Court to entertain jurisdiction, and proceed to the trial and adjudication of such suit between the parties who may be properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties, not regularly served with process, or not voluntarily appearing to answer."

We consider the true construction of this act to be this :—

The eleventh section of the Judiciary Act, after having prescribed the jurisdiction of the Circuit Courts, as it regards the character of the parties, by way of personal exemption, declares, " That no civil suit shall be brought before either of said Courts against an inhabitant of the United States, by any original process, in any other district than that whereof he is an inhabitant, or in which he shall be found, at the time of serving the writ."

Under the operation of this clause many difficulties occurred in practice, in cases both in law and equity, in which, by the principles governing Courts both of law and equity, it was necessary to join several defendants, some of whom were, and others were not, inhabitants of the district in which the suit was brought.

The act of 1839 was intended to remove these difficulties; by providing, that the persons not being inhabitants, or not found within the district, may either not be joined at all with those who were, or if joined, and they did not waive their personal exemption, by a voluntary appearance, the Court may go on to judgment or decree against the parties properly before it, as if the others had not been joined.

r 2                                    9

But it did not contemplate a change in the jurisdiction of the Courts, as it regards the character of the parties, as prescribed by the Judiciary Act, and as expounded by this Court; that is, that each of the plaintiffs must be capable of suing, and each of the defendants, capable of being sued: which is not the case in this suit; some of the defendants being citizens of the same state with the plaintiffs.

There is another reason why this act of 1839 cannot apply to this case. It expressly declares, that the judgment or decree shall not conclude or prejudice other parties not regularly served with process, or not voluntarily appearing to answer. Now the defendants in this case being a corporation aggregate, any judgment against them must be against them in their corporate character: and the judgment must be paid out of their corporate funds, in which is included the interest of the two Louisiana stockholders; and, consequently, such a judgment must of necessity prejudice those parties, in direct contravention of the language of the law.

We are of opinion that the judgment of the Circuit Court was erroneous, in sustaining the plaintiffs' demurrer to defendants' plea: it is therefore reversed; and the case is remanded to the Circuit Court, to be proceeded in according to law.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Mississippi, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, reversed, with costs; and that this cause be, and the same is hereby, remanded to the said Circuit Court, with directions to proceed therein according to law and justice, in conformity to the opinion of this Court.