**SOUTHWEST EXPRESS CO., INC., Petitioner,**

v.

**INTERSTATE COMMERCE COMMISSION, Respondents.**

**No. 81–4445.**

United States Court of Appeals, Fifth Circuit.

March 12, 1982.

---

T. C. Hope, President, Southwest Exp. Co., Inc., pro se.

Charles Alan Stark, ICC, Robert B. Nicholson, Stephen F. Ross, Dept. of Justice, Washington, D. C., for respondents.

Hugh T. Matthews, Dallas, Tex., intervenor, Steere Tank Lines.

Before GEE, GARZA and TATE, Circuit Judges.

PER CURIAM:

On January 28, 1982 we entered an order that this petition for review on behalf of Southwest Express Company would be dismissed unless the corporation filed pleadings in this court on or before February 15th, showing good cause to the contrary. 667 F.2d 456. Since the filing of February 16 does not show such good cause, the petition for review will be dismissed.

As our order recites, the corporation seeks to review the Commission's revocation of a certificate of authority previously issued to that corporation. We had previously denied the Commission's motion to dismiss the petition for review. Instead, we granted an alternative motion to hold the proceedings in abeyance until Southwest amended its petition to cure certain deficiencies. These included the petition's failure to specify the Commission's order of which review was sought or otherwise to comply with the requirements of 28 U.S.C. § 2344. However, a further principal complaint was that the corporation's petition for review of the Commission's revocation of its certificate was not signed by an attorney authorized to *represent* other parties in proceedings before this court. On January 26, 1982, Southwest through T. C. Hope, its president, filed a letter reiterating its position that it need not appear through an attorney but could do so in proper person through T. C. Hope, its president and principal stockholder, a non-lawyer. The letter requested this court to enter its decision on the petition without further formality, so that Southwest may secure from a higher court a review of its contention that, for adequate appearance before this court, its petition might be signed by its non-lawyer president.

In response to our order to show cause, on February 16, 1982, a motion was filed by T. C. Hope "an individual d/b/a Southwest Express Co, Inc. to intervene and take over the cause filed by the original petition of Southwest Express Co., Inc." The petition alleges that the Southwest corporation "has given up its right to sue to its owner, Mr. Timothy C. Hope, an individual who wishes to continue suit under his own name. Mr. Timothy C. Hope is sole owner of Southwest Express Co., Inc." The petitioner Hope then prayed that he be permitted to continue this proceeding "pro se". He concluded that, "[i]f this amendment is not accepted, then the petitioner requests its cause be appealed to the next Court of review."[1]

In their contention that the corporation ("Southwest") may proceed in proper person through its president (Hope), or that Hope himself may prosecute Southwest's

---

1. Our ultimate denial of the petition for amendment and dismissal of the appeal is, of course, without prejudice to any right the petitioner(s) may have to seek further review in the Supreme Court of the United States by appropriate proceedings timely filed there. We note this because the layman pleadings filed may reflect a misunderstanding that our actions in this proceeding will be reviewed without further pleading on their part independently filed in the Supreme Court.

action, these petitioners (Southwest and Hope) apparently rely upon 28 U.S.C. § 1654: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

The essential fallacy in the petitioners' position is their failure to recognize that Southwest, the corporation, and Hope, its president, are different legal persons, and that Hope may appear for or represent Southwest in a judicial proceeding only if authorized by law or rule. The only complaint raised in the pleading before us is that *Southwest*, the corporation, had *its* certificate revoked. Unless Southwest can enter an appearance or file pleadings by itself as a corporation, or through Hope as its president, the petitioners have not shown cause that excuses dismissal of the petition for review for failure to cure the inadequacy of their appearance before this court, as well as the other procedural deficiencies of their petition, despite the court's order that these deficiencies must be cured.

The contention that a corporation may enter an appearance in proper person or through its president has been consistently rejected when raised. In a decision that upheld the dismissal of pleadings filed on behalf of a corporation by its non-lawyer president, the court stated: "The rule is well established that a corporation can appear in a court of record only by an attorney at law."[2] *Flora Construction Company v. Fireman's Fund Insurance Co.*, 307 F.2d 413, 414 (10th Cir. 1962). See also *Algonac Manufacturing Company v. United States*, 458 F.2d 1373, 1375 (Ct.Cl.1972). The functional and historical reasons for the rule are set forth in *Turner v. American Bar Ass'n*, 407 F.Supp. 451, 476 (1975), a leading case

(that had resulted from consolidation of cases from all over the United States at the direction of the Chief Justice in order to consider the constitutional and statutory right of unlicensed lay counsel to assist pro se petitioners):

Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court interpretation of § 1654 is that they must be represented by licensed counsel. In *S. Stern & Company v. United States*, 331 F.2d 310, 51 C.C.P.A. 15 (1963), the Court of Customs and Patent Appeals held that 28 U.S.C.A. § 1654 would not allow a lay partner in a partnership to represent the partnership in a judicial proceeding. Likewise, there is a long line of cases starting with *Osborn v. Bank of United States*, 9 Wheat. (22 U.S. 738), 6 L.Ed. 204, and continuing through *Commercial & Railroad Bank of Vicksburg v. Slocomb*, 14 Pet. (39 U.S. 60), 10 L.Ed. 354 (1840); *Nightingale v. Oregon Central Railway Company*, 18 Fed.Cas. No. 10,264, p. 239; *Brandstein v. White Lamps*, 20 F.Supp. 369 (S.D.N.Y., 1937); *MacNeil v. Hearst Corp.*, 160 F.Supp. 157 (Del., 1958); and *Flora Construction Company v. Fireman's Fund Insurance Company*, 307 F.2d 413 (C.A.10, 1962), which have held that under 28 U.S.C.A. § 1654 and its predecessor statutes a corporation may only be represented by licensed counsel. Several of these cases, particularly *Nightingale, Hearst* and *White Lamps*, have emphasized the importance of the Centuries-old concept of a Court having a lawyer before it who has been qualified to practice, and who is subject to the Court's control. . . . Cor-

---

2. The court cited the following authorities, among others:

*Osborn v. President, Directors, and Company of the Bank of the United States*, 9 Wheat 738, 22 U.S. 738, 830, 6 L.Ed. 204; *Commercial and Railroad Bank of Vicksburg v. Slocomb, Richards and Company*, 14 Pet. 60, 39 U.S. 60, 65, 10 L.Ed. 354; *Heiskell v. Mozie*, 65 App.D.C. 255, 82 F.2d 861, 863; *Acme*

*Poultry Corporation v. United States*, 4 Cir., 146 F.2d 738, 740, certiorari denied 324 U.S. 860, 65 S.Ct. 865, 89 L.Ed. 1417; *Mullin-Johnson Co. v. Penn Mut. Life Ins. Co. of Philadelphia, Pa.*, D.C.N.D.Calif., 9 F.Supp. 175; *Brandstein v. White Lamps*, D.C.S.D. N.Y., 20 F.Supp. 369, 370; and *MacNeil v. Hearst Corporation*, D.C.Del., 160 F.Supp. 157, 159.

porations and partnerships, by their very nature, are unable to represent themselves and the consistent interpretation of § 1654 is that the only proper representative of a corporation or a partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation.

To summarize: Southwest, as a corporation, cannot appear in proper person as a corporation or through its corporate officer, under settled interpretations applicable to 28 U.S.C. § 1654. It can enter an appearance in this court only through an attorney admitted to practice before this court. Local Rule 5, Fifth Circuit (October 1, 1981), supplementing Federal Rules of Appellate Procedure (see Rule 47). Southwest's president, Hope, is not a lawyer and therefore cannot appear in this court representing another person (the corporation); nor does Hope, individually, have a cause of action to question the revocation of the corporation's certificate, at least under the showing made.

Accordingly, the motions to amend and to intervene are DENIED, and the petition for review is DISMISSED.

PETITION FOR REVIEW DISMISSED.