IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30517
Summary Calendar
_____


OTTO CANDIES, INC.,

Plaintiff-Appellee,

versus

HOUSTON SEAPACKING COMPANY, INC.,

Defendant-Appellant,

DONALD JONES,

Movant-Appellant.


--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-89-J
--------------------
April 17, 2000

Before JONES, DUHÉ, and STEWART, Circuit Judges.

PER CURIAM:[1]

Donald Jones, President of defendant Houston Seapacking Company, Inc., has appealed the district court's interlocutory order denying his motion to appear as the pro se representative of Houston Seapacking. We assume, without deciding, that we have jurisdiction to consider this appeal under the rule of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949); see Coopers

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

& Lybrand v. Livesay, 437 U.S. 463, 468 (1978); but see Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 429-41 (1985).

Although Jones is not a licensed attorney, he argues that he should be permitted to appear as Houston Seapacking's attorney because he has been given power of attorney by the corporation. "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Corporations, "which are fictional legal persons, obviously cannot appear for themselves personally." Southwest Exp. Co., Inc. v. I.C.C., 670 F.2d 53, 55 (5th Cir. 1982); see Rowland, 506 U.S. at 203 & n.5. "This is so even when the person seeking to represent the corporation is its president and major stockholder." In re K.M.A., Inc., 652 F.2d 398, 399 (5th Cir. 1981). This court has consistently interpreted § 1654 as requiring that corporations be represented by licensed counsel. Southwest Exp. Co., 670 F.2d at 55.

Because the appeal is frivolous, it is DISMISSED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. Rule 42.2.

APPEAL DISMISSED.