**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 01-21172
Summary Calendar
_____

JACK ROBERT JOLLEY,

Plaintiff,

CLIFFORD F WILLIAM,

Appellant,

versus

US DEPARTMENT OF HOUSING & URBAN DEVELOPMENT,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. H-01-CV-1373

August 29, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clifford F. William appeals two orders entered by the district court in this case. First, he challenges the district court's refusal to allow him to appear pro hac vice as counsel for Jack Robert Jolley. Second, he challenges the district court's refusal to grant him a hearing regarding his request to appear pro hac vice.[1]

William sought permission to appear pro hac vice as counsel for Jolley in his lawsuit against the United States Department of Housing & Urban Development. In his application, William claimed to be "admitted to practice" in several courts, including the "United States District Court for the Southern District of Texas, Houston, Division." William signed the application "Clifford F. William, J.D., Counselor of Law." After his name, he listed the following numbers, which resemble state bar membership numbers: "INB: 01595810" and "MBN: 06845900." Based on this application, the district court granted William's request.

Thereafter, the district court issued an order sua sponte vacating its earlier order granting William permission to appear pro hac vice. Although the district court's order did not state reasons, it appears that the decision was based on the discovery that William was not in fact a lawyer. William filed a motion requesting a hearing on the district court's order to vacate, but his request was denied. Jolley's case was later dismissed without prejudice for want of prosecution. William filed a notice of appeal on behalf of himself and Jolley. The appeal has since been dismissed with respect to Jolley's

---

[1]William also attempts to appeal the district court's dismissal of Jolley's case for want of prosecution. Because, as noted below, William is not in fact an attorney, he may not raise claims on Jolley's behalf. *See Wheat v. United States*, 486 U.S. 153, 156 (1987) ("An advocate who is not a member of the bar may not represent clients (other than himself) in court."). *Cf. S.W. Expres, Co. v. ICC*, 670 F.2d 53, 56 (5th Cir. 1982) (denying a company's sole owner, who was not a lawyer, the opportunity to represent the company before the Court of Appeals). Moreover, we note that Jolley's appeal of the district court's ruling has already been dismissed for want of prosecution.

claims.

We must now determine whether the district court abused its discretion when it denied William's request to appear pro hac vice as counsel for Jolley and when it denied William a hearing on his application. Federal district courts enjoy broad discretion to determine who shall practice before them. *See United States v. Dinitz*, 538 F.2d 1214, 1219 (5th Cir. 1976); *see also* FED. R. CIV. P. 83 (authorizing district courts to make and amend local rules governing their practice). Generally, a lawyer must be admitted in accordance with local rules before he or she can appear before a court on behalf of a client. Attorneys who are not admitted to practi ce before a court may, however, request permission to appear before a court pro hac vice. The United States District Court for the Southern District of Texas has the following rule for such cases:

> A lawyer who is not admitted to practice before this Court may appear as attorney-in-charge for a party in a case in this Court with the permission of the judge before whom the case is pending. When a lawyer who is not a member of the bar of this Court first appears in a case, the lawyer shall move for leave to appear as attorney-in-charge for the client.

S.D. TEX. R. 83.1(K).

Based on the clear language of local rule 83.1, William can only qualify to appear pro hac vice if he is in fact a lawyer. Here, William has failed to make such a showing. Rather, he concedes that he has not attended an accredited law school and that he is not licensed to practice in any state. Because William is not a lawyer, the district court did not abuse its discretion when it denied William's request for permission to appear pro hac vice before it. Moreover, because William was not qualified based on the undisputed facts, he was not entitled to a hearing on this issue.

AFFIRMED.