**Manzoor A. MEMON, Aamir H. Memon, Sanam A. Memon, Memon Corporation, Inc., Plaintiffs,**

v.

**ALLIED DOMECQ, QSR, Defendant.**

No. CIV.A.H–03–1944.

United States District Court, S.D. Texas, Houston Division.

Nov. 3, 2003.

**506**

Manzoor A. Memon, Deer Park, TX, and Aamir H. Memon, Sanam A. Memon and Memon Corporation Inc., for Plaintiffs Pro se.

Robert L. Zisk, Jeffrey L. Karlin, Roland B. Ninomiya, Schmeltzer, Aptaker & Shepard, P.C., Washington, DC, James J. McConn, Jr., Hays, McConn, Rice and Pickering, Houston, TX, for Defendant.

## ORDER

HITTNER, District Judge.

Pending before the Court are Defendants Allied Domecq, QRS, a.k.a. Baskin–Robbins Incorporated and Baskin–Robbins USA, Co.'s, Motion to Add and Drop Parties Pursuant to Federal Rule of Civil Procedure 21 (Document No. 3) and Motion to Dismiss Aamir H. Memon, Sanam A. Memon, and Memon Corporation, Inc. for Improper Representation By a *Pro Se* Plaintiff and for Dismissal of Manzoor Memon for Lack of Standing (Document No. 4). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## FACTUAL BACKGROUND

Plaintiffs Aamir H. Memon, Sanam A. Memon, Manzoor A. Memon, and Memon Corporation, Inc. ("Plaintiffs") brought this suit against Defendant Allied Domecq, QSR, a.k.a. Baskin–Robbins Incorporated and Baskin–Robbins USA, Co., ("Defendant"), on April 24, 2003, alleging that Defendant is liable for various claims arising out of the operation of their Baskin–Robbins ice cream store. On the face of the Complaint, all of Plaintiffs' claims arise out of their operation of the Baskin–Robbins franchise of which Plaintiff Memon Corporation Inc. is the named franchisee. The Plaintiffs allege that after Baskin–Robbins and Memon Corporation entered into the Franchise Agreement, Baskin–Robbins opened other stores inside Denny's restaurants, allegedly causing them damage. Plaintiffs claim that in June 1999, Baskin–Robbins started a systematic elimination of older stores. In addition, Plaintiffs raise allegations concerning a new program that failed due to faulty machines supplied by Baskin–Robbins. Plaintiffs further allege that Baskin–Robbins wrongfully raised prices. Finally, Plaintiffs charge that Baskin–Robbins refused to a approve relocation of their store. Defendant was served May 6, 2003. The action was timely removed June 3, 2003.

## MOTION TO ADD AND DROP PARTIES

Defendant filed a motion, pursuant to Rule 21 of the Federal Rules of Civil Procedure, to

substitute Baskin–Robbins Incorporated and Baskin–Robbins USA, Co., the franchisors of the Baskin–Robbins store operated by Plaintiffs, as the proper defendants. Rule 21 provides that parties, "may be dropped or added by order of the court on motion of any party or on its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. Proc. 21. "[A] motion to add a party defendant is addressed to the sound discretion of the trial court." *Janousek v. Wells,* 303 F.2d 118, 122 (8th Cir.1962).

■ The Defendant alleges the Plaintiffs have mistakenly named Allied Domecq, QSR ("Allied QSR"), an unincorporated division of Allied Domecq PLC ("Allied PLC"), as the party defendant. Allied PLC is a publicly-traded United Kingdom company that indirectly owns the fast food franchisors Baskin–Robbins USA. Because Allied QSR is unincorporated, it is not a suable entity. *See EEOC v. Saint Francis Xavier Parochial School,* 77 F.Supp.2d 71, 75–76 (D.D.C.1999) (an "unincorporated division cannot be sued ..., as it is not a legal entity") (citing *United States v. ITT Blackburn Co.,* 824 F.2d 628, 631 (8th Cir.1987)). Thus, the Court determines that Allied PLC should be dismissed as a party to this action, and Baskin–Robbins Incorporated and Baskin–Robbins USA, Co. should be substituted as party Defendants.

### MOTION TO DISMISS

### STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion to dismiss, the court must view the complaint in the light most favorable to the plaintiff and accept all facts in the complaint as true. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.2000). In addition, a district court must limit itself to the contents of the pleadings, including attachments thereto, to determine whether a claim has been stated. *Id.* The district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Collins,* 224 F.3d at 498 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead specific facts, not merely conclusory allegations. *Id.*

### ANALYSIS

Defendant asserts that Plaintiffs' claims should be dismissed because it is improper for Plaintiff Manzoor Memon, who is the only Plaintiff who has made an appearance in this action and who has done so *pro se,* to represent anyone but himself. Defendant also moves to dismiss Plaintiff Manzoor Memon on the ground that he is not a party to the Franchise Agreement at issue, and therefore lacks standing to bring claims that arise entirely from the operation of the franchised business. The Court further notes that Plaintiffs have not responded. Local Rule 7.4 provides that "[f]ailure to respond will be taken as a representation of no opposition." Thus, the Court will treat the instant motion as unopposed.

■ Manzoor Memon, acting *pro se,* is the only Plaintiff to have entered an appearance in this action. However, the claims have also been brought in the name of Memon Corporation. Defendant correctly states that for a corporation to appear in federal court, it must be represented through a licensed attorney. *Rowland v. California Men's Colony,* 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). "The contention that a corporation may enter an appearance in proper person or through its president has been consistently rejected when raised." *Southwest Express Co. v. Interstate Commerce Comm'n,* 670 F.2d 53, 55 (5th Cir.1982). The rule is well established that a corporation can appear in a court of record only by an attorney at law. *Id.* (quoting *Flora Constr. Co. v. Fireman's Fund Ins. Co.,* 307 F.2d 413, 414 (10th Cir.1962)). "Corporations and partnerships, by their very nature, are unable to represent themselves and ... the only proper representative of a corporation or a partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership." *Southwest Express,* 670 F.2d at 55–56. Manzoor Memon cannot prosecute this action on behalf of Memon Corporation, and its claims must therefore be dismissed.

■ Defendant next contends that Manzoor Memon cannot represent either Sanam Memon or Aamir Memon in this action. The principle that a non-lawyer may not represent another person in court "is a venerable common law rule." *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir.1998); *see also, Guajardo v. Luna*, 432 F.2d 1324, 1325 (5th Cir.1970) (stating that an ordered society has a valid interest in limiting legal representation to licensed attorneys); *Brown v. Ortho Diagnostic Sys., Inc.*, 868 F.Supp. 168, 170 (E.D.Va.1994) ("Except in the rarest of circumstances, federal courts have been uniformly hostile to attempts by non-attorneys to represent others in court proceedings."). Based on this case law, Manzoor Memon, acting *pro se*, may not bring claims on behalf of Aamir Memon and Sanam Memon in this action. Thus, their claims must be dismissed.

■ Defendant next contends that Manzoor Memon, who is not the named franchisee for the Baskin–Robbins store at issue, has no standing to bring claims that arise entirely from the store's operation. "[T]he laws of Texas ... prohibit shareholders from bringing suit for damages to their corporation." *Brock v. Baskin–Robbins USA Co.*, 113 F.Supp.2d 1078, 1092 (E.D.Tex.2000) (quoting *Wingate v. Hajdik*, 795 S.W.2d 717 (Tex. 1990) ("A corporate shareholder cannot recover damages personally for a wrong done solely to the corporation, even though he may be injured by that wrong".)) "[A] shareholder is barred from pursuing any legal rights [the corporation] has ..., because those rights belong to the corporation, not its shareholders." *Thomas v. N.A. Chase Manhattan Bank*, 994 F.2d 236, 243 (5th Cir. 1993). "The fact that an individual closely affiliated with a corporation (for example, a principal shareholder, or even a sole shareholder), is incidentally injured by an injury to the corporation does not confer on the injured individual standing to sue on the basis of either that indirect injury or the direct injury to the corporation...." *Id.* (quoting *New Castle Siding Co. v. Wolfson*, 97 A.D.2d 501, 468 N.Y.S.2d 20, 21 (N.Y.App.Div.1983)). Even if Manzoor Memon demonstrated he is a shareholder, he still could not recover damages personally for the alleged wrongs done to the corporation.

In addition, Manzoor Memon's claims are grounded solely in the operation of Memon Corporation's Baskin–Robbins franchise.[1] The named franchisee for that store is Memon Corporation and is signed only by Aamir Memon. Manzoor Memon's name never appears on the Agreement. The Complaint demonstrates all of Plaintiff's claims arise entirely out of the franchise relationship between Baskin–Robbins and Memon Corporation. For these reasons, Manzoor Memon has no standing to bring this action in his own name, and it must be dismissed as to him as well. Accordingly, the Court hereby

ORDERS that Defendants' Motion to Add and Drop Parties Pursuant to Federal Rule of Procedure 21 (Document No. 3) is GRANTED. Allied Domecq, QSR is dismissed as a party to this action, and Baskin–Robbins Incorporated and Baskin–Robbins USA, Co. are substituted as party Defendants. The Court further

ORDERS that Defendant's Motion to Dismiss Aamir H. Memon, Sanam A. Memon, and Memon Corporation, Inc. for Improper Representation By a *Pro Se* Plaintiff and for Dismissal of Manzoor Memon for Lack of Standing (Document No. 4) is GRANTED. Plaintiffs' claims against Defendant are DISMISSED.

---

1. The Franchise Agreement was attached to Defendant's Motion as Exhibit 1.