# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2014

Lyle W. Cayce
Clerk

No. 13-40646
Summary Calendar

FREDDIE L. WALKER, SR., doing business as Walker's Empire Professional Janitorial Service,

Plaintiff-Appellant

v.

WEBCO INDUSTRIES, INCORPORATED; SALLY ALLEN; PATTI JORDAN; MIKE HOWARD; LAURA BREWER; CHRISTY RAY,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-521

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Freddie L. Walker, Sr., doing business as Walker's Empire Professional Janitorial Service (WEPJS), proceeding pro se and in forma pauperis, filed a complaint asserting several claims against Webco Industries, Inc. (Webco) and several employees of Webco. The complaint was the result of Webco terminating a contract with WEPJS for janitorial services due to allegedly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fraudulent invoices.  After granting Walker the opportunity to file a first amended complaint, the district court granted the defendants' motion to dismiss for failure to state a claim upon which relief could be granted.  Walker timely appeals the district court's dismissal.

A district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is subject to de novo review.  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).  A plaintiff fails to state a claim when the complaint does not contain "'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))."  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  The district court is not required to accept as true a legal conclusion presented as a factual allegation.  *Twombly*, 550 U.S. at 555.  The court may not go outside the complaint, but it may consider documents attached to the complaint.  *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).

Walker reasserts that Webco is liable for breach of contract because it failed to perform a number of duties under the janitorial service contract.  Accepting as true the facts asserted in Walker's first amended complaint, it is clear that he sought to bring claims on behalf of his company, WEPJS, "a Texas corporation."  Further, it is clear from the record that Webco contracted with the business, not with Walker for janitorial services.  Any damage suffered by Walker was derivative of the injury done to his incorporated janitorial business.  Walker is not a lawyer and therefore cannot appear in federal court representing WEPJS for breach of contract.  *See Southwest Express Co., Inc. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55-56 (1982); *Rowland v. California*

No. 13-40646

*Men's Colony*, 506 U.S. 194, 202 & n.5 (1993).  Accordingly, the district court did not err in dismissing Walker's breach of contract claim for failure to state a claim upon which relief could be granted.  *See Southwest Express*, 670 F.2d at 55-56.

Walker reasserts his claim that Webco racially discriminated against him and WEPJS in violation of Title VII.  He further asserts that, in violation of Title VII, Webco retaliated against him when he filed a complaint with the Equal Employment Opportunity Commission alleging discrimination on the part of Webco.  Title VII prohibits an employer from "discharging[ing] an individual, or otherwise discriminat[ing] against any individual . . . because of such individual's race."  42 U.S.C. § 2000e-2(a)(1).  Title VII also prohibits retaliation by employers against employees who have filed a charge of discrimination.  § 2000e-3(a).

The district court noted that Walker was not terminated, but rather WEPJS.  The district court once again concluded that Walker could not pursue claims on WEPJS's behalf without counsel, since WEPJS was a corporation that could not proceed pro se in federal court.  The district court further determined that, even if Walker himself could pursue the instant Title VII claims, he was not entitled to relief since neither WEPJS or Walker was an employee of Webco.  Because Walker does not challenge the district court's reasons for dismissing his Title VII claims, he has abandoned the claims on appeal.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Walker contends that the district court erred in granting the defendant's motion to dismiss as to his defamation claim, as well as his statute of frauds claim.  However, Walker never asserted a defamation claim or a statute of frauds claim before the district court in his first amended complaint.

No. 13-40646

Accordingly, this court will not consider the claims. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Cntrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

Before this court, Walker does not raise the following claims that he raised before the district court in his first amended complaint:  (1) bad faith; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) intentional interference with business relations; (5) negligence; (6) infliction of emotional distress; and (7) a violation of 42 U.S.C. § 1983.  Also, Walker does not challenge the district court's order striking his pleading that was construed as an attempt to file a second amended complaint.  By failing to raise the above claims in his brief before this court, Walker has abandoned the claims on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the judgment of the district court is AFFIRMED.