722 F.2d 20
 Walter L. JONES, Walter L. Jones Development Corporation,
Inc., and Walter L. Jones via assignment of claim
and cause of action from Walter L. Jones
Development Corporation, Inc.,
Plaintiff-Appellant,
v.
NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Urban Mass
Transportation Administration, Neal Cavanaugh & Siegfried
Construction Co., Inc., John Sanders & Slattery Assoc.,
Inc., Herbert F. Darling and Herbert F. Darling, Inc., Earl
Francis & John W. Cowper Co., Inc., S.H. Bartholowmew &
Fruin/Colnon/Tom Traylor and Traylor Bros. and William
Sterling & Onyx Equipment Co., Defendants-Appellees.
 No. 32, Docket 83-7086.
 United States Court of Appeals,
Second Circuit.
 Submitted Aug. 29, 1983.
Decided Nov. 23, 1983.
 
 Walter L. Jones, pro se, for plaintiff-appellant.
 Timothy Toohey, Buffalo, N.Y., for defendant-appellee Niagara Frontier Transp. Authority.
 Salvatore R. Martoche, U.S. Atty. Buffalo, N.Y. (Sonia C. Jaipaul, Asst. U.S. Atty., Buffalo, N.Y.), for defendant-appellee Urban Mass Transit Admin.
 Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N.Y. (John J. Cooney, Buffalo, N.Y.), for defendant-appellee Siegfried Const. Co., Inc.
 Brown, Kelly, Turner, Hasset & Leach, Buffalo, N.Y. (Frederick D. Turner, Buffalo, N.Y.), for defendant-appellee Herbert F. Darling, Inc.
 Saperston, Day, Lustig, Gallick, Kirschner & Gaglione, P.C., Buffalo, N.Y. (Richard A. Clack, James W. Gresens, Buffalo, N.Y.), for defendants-appellees The John W. Cowper Co., Inc., Fruin-Colnon/Traylor Bros./Onyx.
 Before KEARSE, CARDAMONE and WINTER, Circuit Judges.
 KEARSE, Circuit Judge:
 
 
 1
 This is an appeal from an order of the United States District Court for the Western District of New York, John T. Elfvin, Judge, denying a motion to amend the complaint of plaintiff Walter L. Jones Development Corporation ("Development"), in order to permit Development to assert its claim in the name of its chief executive officer and sole shareholder, Walter L. Jones ("Jones"), to whom it has assigned its claim, thereby to allow Jones to proceed pro se in prosecuting Development's claim. Jones purports to bring this appeal in his own name as plaintiff-appellant and has so styled his appellate papers. He is not, however, a party to the action, all claims asserted by him in his individual capacity having been earlier dismissed by the district court. However, rather than dismiss the appeal because it has been prosecuted on behalf of a nonparty and because the corporation--the only party plaintiff--is improperly represented by a nonattorney, we have liberally construed the notice of appeal, have treated the appeal as being taken by Development, and have considered the arguments advanced by Jones for reversal.[1] For the reasons below, we affirm the order of the district court.
 
 BACKGROUND
 
 2
 Jones is the sole stockholder and chief executive officer of Development. The action arises out of the selection by defendant Niagara Frontier Transportation Authority ("Niagara") of contractors for the construction of a light rail rapid transit facility in Buffalo, New York. Development submitted low bids on several prime contracts but was not selected to be a contractor. Niagara stated that Development's bids were rejected because Development had insufficient assets and equipment to handle such large contracts, that it did not have the requisite experience to perform the projects, that it failed to post bid bonds with its bids and that it failed to establish that it had the ability to obtain performance bonds and labor and material bonds in the event that any of the contracts were awarded to it.
 
 
 3
 On November 24, 1980, Jones, acting pro se, filed a complaint on behalf of Development and of himself individually against defendants Niagara, Urban Mass Transportation Administration, and New York State Department of Transportation, claiming that the reasons advanced by Niagara were pretexts and that the rejection of Development's bids was the result of racial discrimination. The complaint charged violations of various federal statutory and constitutional provisions, including the Fifth and Fourteenth Amendments to the United States Constitution; 42 U.S.C. Secs. 1981, 1983, 1985, and 2000d; 49 U.S.C. Sec. 1615 and 49 C.F.R. Sec. 23 et seq. Between November 24, 1980 and April 22, 1981, Jones filed several amendments to the complaint which, inter alia, added numerous new defendants.
 
 
 4
 Defendants moved to dismiss, inter alia, the claims asserted on behalf of Jones in his individual capacity, on the ground that any claims asserted belonged to Development. The district court granted this motion in April 1981 and ruled further that Jones, who is not an attorney, could not represent Development in the action. The court entered an order that "Walter L. Jones Development Corporation, Inc. may be represented in this lawsuit only by properly admitted counsel." Memorandum and Order dated April 17, 1981.
 
 
 5
 Thereafter Development appeared through counsel until October 1982. In November 1982, Jones appeared before the court in opposition to new motions to dismiss Development's current complaint (by then amended five times) and stated that Development no longer had counsel. Jones, acting pro se, moved to amend Development's complaint further to name himself as plaintiff by way of Development's assignment to him of its causes of action, in order to permit him to prosecute the action pro se. Jones also sought to introduce a claim for emotional distress and to frame the action as a class action. The court denied the motion to amend and ordered the action dismissed unless qualified counsel appeared on behalf of Development within 45 days. The court stayed its order to permit an immediate appeal.[2] We affirm the conditional order of dismissal.
 
 DISCUSSION
 
 6
 Although 28 U.S.C. Sec. 1654 (1976) provides that "[i]n all courts of the United States, the parties may plead and conduct their own cases personally or by counsel," it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se. E.g., Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir.1967) (per curiam) (reversing order that allowed action to proceed against a defendant corporation pro se ); Southwest Express Co. v. ICC, 670 F.2d 53, 55 (5th Cir.1982) (per curiam); Brandstein v. White Lamps, Inc., 20 F.Supp. 369, 370 (S.D.N.Y.1937) ("While a corporation is a legal entity, it is also an artificial one, existing only in the contemplation of the law; it can do no act, except through its agents.").
 
 
 7
 Since, of necessity, a natural person must represent the corporation in court, we have insisted that that person be an attorney licensed to practice law before our courts. Shapiro, Bernstein & Co. v. Continental Record Co., supra, 386 F.2d at 427; Brandstein v. White Lamps, Inc., supra, 20 F.Supp. at 370 ("Since a corporation can appear only through its agents, they must be acceptable to the court; attorneys at law, who have been admitted to practice, are officers of the court and subject to its control."); cf. Phillips v. Tobin, 548 F.2d 408, 413-15 (2d Cir.1976) (shareholder who would pursue corporation's cause of action in a derivative suit must be represented by an attorney). The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread. See, e.g., Osborn v. Bank of United States, 22 U.S. (9 Wheat.) 738, 830, 6 L.Ed. 204 (1824) ("[a] corporation ... can appear only by attorney' );" Richdel, Inc. v. Sunspool Corp., 699 F.2d 1366 (Fed.Cir.1983) (per curiam); Carr Enterprises, Inc. v. United States, 698 F.2d 952, 953 (8th Cir.1983) (per curiam); Southwest Express Co. v. ICC, supra, 670 F.2d at 55; In re Victor Publishers, Inc., 545 F.2d 285, 286 (1st Cir.1976) (per curiam); Strong Delivery Ministry Association v. Board of Appeals of Cook County, 543 F.2d 32, 33-34 (7th Cir.1976) (per curiam); In re Highley, 459 F.2d 554, 555 (9th Cir.1972); United States v. 9.19 Acres of Land, 416 F.2d 1244, 1245 (6th Cir.1969) (per curiam); Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir.1966) (per curiam). The reasons for requiring that an attorney appear are thoroughly discussed in the above cases. In summary, they are principally that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, e.g., to avoid litigating unfounded or vexatious claims. See Model Code of Professional Responsibility DR 7-102(A) (1 & 2) (1976).[3]
 
 
 8
 In light of these policy reasons for preventing a lay person from representing a corporation in litigation, the federal courts have, in cases governed by federal law, disapproved any circumvention of the rule by the procedural device of an assignment of the corporation's claims to the lay individual. See Heiskell v. Mozie, 82 F.2d 861 (D.C.Cir.1936) (dictum); Mercu-Ray Industries, Inc. v. Bristol-Myers Co., 392 F.Supp. 16, 18-20 (S.D.N.Y.), aff'd mem., 508 F.2d 837 (2d Cir.1974). In Heiskell v. Mozie, the court observed that "[i]t cannot be doubted, we think, that an assignment of a claim against another, made solely for the purpose of permitting the assignee--not an attorney--to conduct the litigation in proper person, would be colorable only and, therefore, insufficient to accomplish the purpose." 82 F.2d at 863. In Mercu-Ray Industries, Judge Duffy dismissed an action in which the corporation sought to appear only by its nonlawyer shareholder, stating as follows:
 
 
 9
 To allow [the lay individual] to appear pro se in this suit would be allowing him to flout a well-established and purposeful public policy by means of a procedural device. [The lay individual] chose to accept the advantages of incorporation and must now bear the burdens of that incorporation; thus, he must have an attorney present the corporation's legal claims.
 
 
 10
 392 F.Supp. at 20.
 
 
 11
 We see no compelling argument for allowing Jones to circumvent the general rule. The district court, based on its years of dealing with Jones, was "unable to find with any quantum of confidence that Jones possesses the level of legal sophistication necessary to present this case." Opinion at 5. Jones's performance in this Court supports this view. He has demonstrated neither any particular legal skills, nor comprehension of pertinent legal concepts such as jurisdiction, venue, and standing. For example, he contends that the district court should have upheld his claim of standing to sue in his individual capacity because of a "preponderance of allegations." (Jones Brief on Appeal at 48.) He also asks that we transfer venue of the action to the District of Columbia because the influence of certain defendants in the Buffalo area is too great and because he wishes to subpoena witnesses from the United States Congress who participated in fashioning minority business enterprise legislation. (Id. at 59.) Plainly the district court's refusal to relax the general rule to allow Jones to prosecute Development's claim was proper.
 
 CONCLUSION
 
 12
 The order dismissing the complaint unless Development obtains counsel to represent it within 45 days is affirmed.
 
 
 
 [1]
 Although Jones also argues in this appeal that he has standing to sue in his individual capacity, the order of the district court entered in April 1981 dismissing Jones's assertions in his own right is not properly before us, and we do not address this issue
 
 
 [2]
 Judge Elfvin correctly opined that his refusal to allow Jones to represent Development was an appealable order within the teaching of O'Reilly v. New York Times Co., 692 F.2d 863, 866-67 (2d Cir.1982)
 
 
 [3]
 In one case an exception was made to permit a lay sole shareholder to represent his small and impecunious corporation in petitioning for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C. Sec. 701 et seq. (1976). In re Holliday's Tax Services, Inc., 417 F.Supp. 182 (E.D.N.Y.1976), aff'd mem., 614 F.2d 1287 (2d Cir.1979). The exception was made on the premise that, since the corporation was without funds, to deny it the ability to proceed without an attorney might be to deny it the ability to proceed at all. And notwithstanding this concern, the district court expressed the caveat that the bankruptcy court could require the corporation to obtain professional counsel if it found that "lay representation [was] causing a substantial threat of disruption or injustice," or that "changed economic conditions ma[d]e it possible for the corporation to obtain an attorney." 417 F.Supp. at 185. The circumstances of the Holliday's Tax Services case have no applicability to the present case