**In re DREXLER ASSOCIATES, INC., Debtor.**

**In re DOMESTIC AND FOREIGN FACILITIES OF NEW JERSEY, INC., Debtor.**

**In re DOMESTIC AND FOREIGN FACILITIES, INC., Debtor.**

**Bankruptcy Nos. 83 B 11537 (PA), 83 B 11538 (PA).**

United States Bankruptcy Court, S.D. New York.

Jan. 29, 1986.

Leboeuf, Lamb, Leiby & Macrae (by James A Greer, of counsel), New York City, for petitioning creditors English and American Ins. Co., Ltd. and Bellefonte Ins. Co., Ltd.

Shea & Gould (by Remy J. Ferrarior, of counsel), New York City, for Michael H. Cockell and G.N. Rouse Syndicate.

David Green, Salomon Green & Ostrow, P.C., New York City, trustee.

PRUDENCE B. ABRAM, Bankruptcy Judge:

These three cases are related to four others involving an individual, William R. Drexler ("Drexler") and three corporations affiliated with him. On July 15, 1983, the court had entered orders for relief against the three corporations (the "Original Corporate Debtors") as a result of involuntary petitions filed on June 23, 1983. Concurrently herewith the court is issuing its decision granting the motion for summary judgment and the entry of an order for relief in the involuntary case against Drexler which was filed March 14, 1984, Case No. 84–B–10383. David M. Green was appointed the trustee for the Original Corporate Debtors, which are Frank Feit Associ-

ates, Inc. ("Feit Associates") (83–B–10921), Feit & Drexler, Inc. ("F & D") (83–B–10922) and William R. Drexler International, Inc. ("International") (83–B–10923). Green was also appointed as interim trustee in the Drexler case.

Drexler and his corporations had been engaged in the insurance business, with a specialty in the amusement park industry. As trustee of the Original Corporate Debtors, Green commenced an adversary proceeding against these three debtors several months before the involuntary petitions were filed alleging that the book of business of the Original Corporate Debtors had been fraudulently conveyed to these three debtors. On August 11, 1983, this court granted a judgment in the trustee's favor following an evidentiary hearing. Thereafter the trustee sold the book of business to a third party.

On October 20, 1983, English & American Insurance Co., Ltd. ("English") and Bellefonte Insurance Co., Ltd. ("Bellefonte"), the petitioning creditors against the Original Corporate Debtors, filed involuntary petitions against these three debtors, Drexler Associates, Inc. ("Associates"), Domestic and Foreign Facilities of New Jersey, Inc. ("Domestic-N.J.") and Domestic and Foreign Facilities, Inc. ("Domestic") (collectively the "Additional Corporate Debtors") on October 20, 1983. The involuntary petitions allege that English and Bellefonte hold a judgment entered on May 31, 1983 against the Original Corporate Debtors. Each of the petitions further alleges that the assets of the Original Corporate Debtors have been fraudulently conveyed to the alleged debtor, that the debtor is an alter ego of the Original Corporate Debtors and that the court by its August 11, 1983 order and judgment vested the trustee with all assets of the alleged debtor. The Additional Corporate Debtors are stated to have ceased operations on or about July 18, 1983.

■ No formal answer was filed by any of the Additional Corporate Debtors. See *Jones v. Niagara Frontier Transporta-*

**314**

*tion Authority,* 722 F.2d 20, 22 (2d Cir. 1983) (Corporation cannot proceed pro se and must be represented by an attorney). Drexler, who is not an attorney, sent a letter to the court, filed November 8, 1983, which was within the period an answer was required which can be characterized as opposing entry of orders for relief against the Additional Corporate Debtors:

> "It was my [Drexler's] understanding until recently that the Trustee had taken over these Corporations. Due to the actions of the Trustee these Corporations were forced to go out of business this past July. These Corporations do not owe any monies to either of the petitioners and in fact are current as respects all their obligations. The numerous allegations of the petitions are false. This writer can not understand the reason for these new petitions. * * * I must implore the court to appoint an attorney to defend this new legal action." Drexler Letter dated November 2, 1983.

No provision exists for the court appointment of legal counsel for the Debtors.

Subsequently on March 14, 1984, the same date they filed the involuntary petition against Drexler individually, Michael H. Cockell ("Cockell") in the capacity of underwriter for the F.N. Rouse Syndicate ("Rouse") and as Lead Underwriter for all other underwriters at Lloyd's of London subscribing to contracts designated as B0021 and B00090 (collectively "Underwriters") and Manning Beard Limited ("Manning"), a London insurance broker, whose principals are named as intermediaries in the two contracts, joined as petitioning creditors against the Additional Corporate Debtors. The Cockell and Manning claims are described at length in the court's concurrent decision in the Drexler case in which the court found that the Cockell and Manning interests were the holders of a claim which was not contingent as to liability and was not the subject of a bona fide dispute as a result of two judgments entered June 13, 1983. Among the persons against whom the two June 13 judgments run are Associates and Does One through Twenty. The involuntary petitions state that

> " 'Does One Through Twenty' are alleged to be creditors of * * * [the Original Corporate Debtors and Associates] and William R. Drexler 'and other persons and entities, who have received monies from each of the * * * [Original Corporate Debtors] and/or William R. Drexler from fiduciary and trust accounts containing funds which were the property of Cockell and/or the Underwriters.' "

It is thus apparent that Cockell and Manning are not in the same posture as to all three of the Additional Corporate Debtors. They hold judgments against Associates. As to Domestic-N.J. and Domestic, they must rely on this court's August 11 judgment to put a name to two of the Does One through Twenty named in their June 13, 1983 judgments.

■ After careful consideration, this court has concluded that a judgment which has not been stayed constitutes a claim which is neither contingent nor the subject of a bona fide dispute. See the discussion in the court's concurrent decision in the related case, *In re William R. Drexler.* There appears to be no reason, other than the standing issue discussed below, to treat judgments entered in a fraudulent conveyance action differently than other judgments. This court need not consider whether prior to judgment a fraudulent conveyance claim is a non-contingent claim. See *In re Longhorn—1979—II Drilling Program,* 32 B.R. 923 (Bankr.W.D.Okla. 1983).

■ However, neither the original petitioners nor the additional petitioners are proper party plaintiffs in these involuntary cases. *In re Daniele Laundries, Inc.,* 40 B.R. 404, 407–8 (Bankr.S.D.N.Y.1984) ("[O]nce a trustee was appointed in the involuntary Chapter 7 bankruptcy case against the Daniele companies, Best's status, as a party with standing to void transfers as fraudulent conveyances or as defective bulk sales, was impaired by the superseding bankruptcy cases. It is axiomat-

ic that a duly qualified trustee in bankruptcy represents the estate and is the only proper party to maintain any action under Code § 544(b), or the predecessor provision in § 70(e) of the Bankruptcy Act, and that the creditors of the estate have no right to proceed independently in their own names or on behalf of the estate.") Upon the entry of orders for relief against the Original Corporate Debtors, their trustee became vested with all rights to set aside fraudulent conveyances that had previously belonged to their creditors, whether or not reduced to judgment. Bankruptcy Code §§ 548 and 550. When recovered, the property becomes part of the debtor's estate. Bankruptcy Code § 541(a)(3).

Fed.R.Civ.Pro. 17(a) provides

"Every action shall be prosecuted in the name of the real party in interest. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

Compare Fed.R.Civ.Pro. 25(c) ("In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.") Bankruptcy Rule 7017 provides that Fed.R.Civ.Pro. 17 applies in adversary proceedings. Under Bankruptcy Rule 9014, the court may apply Bankruptcy Rule 7017 to contested matters. The effect the requirement that "every action shall be prosecuted in the name of the real party in interest" is that the action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right. *See* 6 Wright & Miller, *Fed.Prac. & Proc.* § 1543. Green as trustee of the Original Corporate Debtors must be given a reasonable time to substitute himself. Alternatively, the peti-

tioning creditors would be required to secure leave of the court in those cases to act on the trustee's behalf. *In re Monsour Medical Center*, 5 B.R. 715 (Bankr.W.D.Pa. 1980).

■ It is unnecessary for the court to do more than comment briefly on the petitioners' contention that the court is required to enter orders for relief because no responsive pleadings within the meaning of the Bankruptcy Rules have been filed. Bankruptcy Code § 303(h) states "If the petition is not timely controverted, the court *shall* order relief against the debtor in an involuntary case * * *." (Emphasis supplied). See also Bankruptcy Rule 1013(b). Upon a default, the court generally must take the well-pleaded allegations of a complaint as true. Fed.R.Civ.Pro. 55(a) and (b); Bankruptcy Rules 7055 and 9014. See *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63–64 (2d Cir.1971), *reversed on other grounds*, 1973, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577. However, the court is not required to accept the legal conclusions and need not agree that the alleged facts constitute a valid cause of action. *Au Bon Pain Corporation v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981). See also 10 Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 2d, § 2688. This court is therefore not be required to accept what is essentially a legal conclusion that the petitioners are the real parties in interest even if the court were to hold that Drexler's letter was not an answer. See Advisory Committee Note to Bankruptcy Rule 1013(b) ("If an order for relief is not entered on default, dismissal will ordinarily be appropriate but the court may postpone definitive action. See also Rule 9024 with respect to setting aside an order for relief on default for cause.") See also 2 Collier on Bankruptcy (15th Ed.1985) ¶ 303.41 at 303–131 ("Despite a default, the court may review the petition and supporting documentation to determine that the allegations in the petition confer jurisdiction over the debtor and that an affidavit or certification of service has been filed.")

The trustee will be granted thirty (30) days from the date of this decision to ratify commencement of these involuntary cases. It is so ordered.