The **CAPITAL GROUP, INC., a Domestic Corporation, and Douglas Gowan, an individual, Plaintiffs,**

v.

**GASTON & SNOW, a Foreign Partnership, and Richard Santagati, an individual, and Roger D. Feldman, an individual, Defendants.**

Civ. A. No. 91–C–0442.

United States District Court,
E.D. Wisconsin.

July 25, 1991.

Douglas Gowan, pro se.

David P. Lowe, Friebert, Finerty & St. John, Milwaukee, Wis., for defendants.

## ORDER

MYRON L. GORDON, Senior District Judge.

### FACTS

On May 2, 1991, Douglas Gowan commenced this action pro se by filing a complaint on behalf of himself and The Capital Group, Inc. The Capital Group, Inc., is a professional services corporation of which Mr. Gowan is the president and sole shareholder (Complaint ¶ 1). Mr. Gowan alleges that Gaston & Snow, a Boston, Massachusetts law firm, engaged him and The Capital Group, Inc., to work on a number of litigation and other matters for Gaston & Snow clients. Mr. Gowan further alleges that Gaston & Snow and the individual defendants, two Gaston & Snow partners, are liable to The Capital Group, Inc. and him, for unpaid fees arising from the work that the plaintiffs performed for Gaston & Snow clients. The complaint set forth fifteen claims for relief based on theories of breach of contract, promissory estoppel, misrepresentation, legal malpractice, and RICO violations.

On June 17, 1991, defendants moved to dismiss the complaint as to The Capital Group, Inc., on the ground that The Capital Group is not represented by an attorney. On June 27, 1991, Mr. Gowan filed a brief in opposition to the motion. Mr. Gowan asserts that he should be permitted to represent both himself and The Capital Group, Inc., because: (1) he is the sole shareholder and officer of The Capital Group, Inc., (2) The Capital Group, Inc., has assigned all its interests in current assets to him, and (3) The Capital Group, Inc., cannot afford counsel. For the reasons below, this court will grant defendants' motion.

### ANALYSIS

Appearances before a federal court are governed by 28 U.S.C. § 1654, which provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Although § 1654 permits an individual to proceed pro se in federal court, the statute does not permit an individual to appear on behalf of a corporation. *Strong Delivery Ministry Association v. Board of Appeals,* 543 F.2d 32, 34 (7th Cir.1976). Moreover, a corporation "is an abstraction, and an abstraction may not appear pro se." *Scandia Down Corp. v. Euroquilt, Inc.,* 772 F.2d 1423, 1427 (7th Cir.1985). For this reason, the Court of Appeals for the Seventh Circuit has held that a corporation must appear by counsel or not at all. *See Strong Delivery Ministry Association,* 543 F.2d at 33–34; *Scandia Down,* 772 F.2d at 1427. This rule ensures that the various interests in the corporate party are effectively represented. A corporation is "just a complex web of contracts among managers, workers, and suppliers of equity and debt capital," and all those interests may not be aligned with those of the lay person seeking to represent the corporation. *Scandia Down,* 772 F.2d at 1427. This rule further protects the court and the public from irresponsible behavior by lay advocates who lack many of the attorney's ethical and legal responsibilities and who often are incapable of presenting legal arguments in an articulate, concise manner. *See Lewis v. Lenc–Smith Manufacturing Co.,* 784 F.2d 829, 830–31 (7th Cir.1986).

Mr. Gowan does not escape this rule because he is the president and sole shareholder of The Capital Group, Inc., or because he purports to have been assigned The Capital Group, Inc.'s interest in this lawsuit. In *Scandia Down* the court of appeals for the seventh circuit noted that a non-lawyer may not appear on behalf of a corporation, even if that person is the president and sole shareholder of the corporation. *Scandia Down,* 772 F.2d at 1427.

Other federal courts of appeals have expressly disapproved the procedure of assigning a corporation's claims to a non-lawyer in order that the non-lawyer might prosecute the corporate claims. *See Jones v. Niagara Frontier Transportation Authority,* 722 F.2d 20, 23 (2d Cir.1983); *National Independent Theater Distributors,*

*Inc. v. Buena Vista Distribution Co.,* 748 F.2d 602, 610–11 (11th Cir.1984).

For these reasons, this court will dismiss The Capital Group, Inc., from this action, without prejudice. The Capital Group, Inc., may rejoin this action as a party by filing an amended complaint signed by an attorney admitted to practice before this court. Any future pleadings, motions, or other papers, on behalf of The Capital Group, Inc., shall also be signed by an attorney admitted to practice before this court.

Therefore, IT IS ORDERED that The Capital Group, Inc., be and hereby is dismissed from this action, without prejudice.