Sue LOWERY, individually and as Executrix of the Estate of Thomas Lowery; and Wendy Daley, an individual, Plaintiffs,

v.

Allen HOFFMAN, et al., Defendants.

No. Civ.A. 98–T–468–N.

United States District Court, M.D. Alabama, Northern Division.

Aug. 23, 1999.

Robert Kay, Glenwood, MD, pro se.

Karen W. Casey, Michael L. Haggard, Porterfield, Harper & Mills, P.A., Birmingham, AL, Chadwick F. Morriss, Rushton, Stakely, Johnston & Garrett, Montgomery, AL, for defendants.

David H. Marsh, Nat Bryan, Marsh, Rickard & Bryan, PC, Birmingham, AL, for plaintiffs.

Donald MacNay, Piedmont Orthopedic, Ronnie Sheetz, Manassas, VA, pro se.

## ORDER

MYRON H. THOMPSON, District Judge.

In this lawsuit, plaintiffs Sue Lowery (the widow of Thomas Lowery and the executrix of his estate) and Wendy Daley (decedent Lowery's daughter) have brought claims for fraud, misrepresentation, civil conspiracy, wrongful death, and breach of contract, and a claim under the Racketeer Influenced and Corrupt Organizations Act (commonly known as RICO), 18 U.S.C.A. §§ 1961–1968, against defendants Body Energetics, Inc., Triad Holistic Health, Hoffman Enterprises, Inc., T–Up, Inc., Piedmont Orthopedic Clinic, Inc., Cosmetic Specialty Labs, Otis Hennessee, Allen Hoffman, Donald MacNay, and Ronnie Sheetz. Their claims stem from the defendants' sale to them of aloe-vera products and treatments that the defendants allegedly guaranteed would cure decedent Lowery of cancer. The plaintiffs settled with Hennessee, Cosmetic Specialty Labs, Allen Hoffman, Hoffman Enterprises, and T–Up, and the court entered a default judgment and damages against MacNay, Sheetz, and Piedmont Orthopedic. The court also entered default judgment against Triad and Body Energetics, and set the issue of damages for submission at a later date.

Now before the court is a motion filed by Robert Kay on behalf of defendants Triad and Body Energetics to set aside the default judgment against these two defendants. Also before the court is motion filed by the plaintiffs to strike everything filed by Kay. For the following reasons, the motions will be granted in part and denied in part.

## I.  MOTION TO STRIKE

The plaintiffs move to strike all pleadings, motions, briefs, affidavits, and other documents filed by Kay on behalf of defendant Triad and defendant Body Energetics. The plaintiffs contend that Triad and Body Energetics are corporations and therefore must be represented by an attorney. They contend that, because Kay is not an attorney, the court must strike all documents submitted by Kay.

■ Federal Rule of Civil Procedure 12(f), which delineates the general use of a motion to strike, provides that, "Upon motion made by a party ... the court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added.) The terms of the rule make clear that "[o]nly material included in a 'pleading' may be subject of a motion to strike.... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed.1999). Therefore, as an initial matter, the motion to strike must be denied as to all non-pleadings, and, in this case, that would be all documents filed by Kay other than Triad's and Body Energetics's answers to the complaints. *See* Fed. R.Civ.P. 7(a) (a "pleading" is "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.").

■ The court has found no case law indicating whether a Rule 12(f) motion to strike is the proper procedural vehicle for attacking pleadings filed by an improper representative. Nevertheless, the court will construe the motion as one based on assertion of an 'insufficient defense.' The plaintiffs contend that the defenses asserted by Triad and Body Energetics are insufficient as a matter of law because they were asserted by a non-attorney. Where the plaintiff moves to strike on the basis of an insufficient defense, the court must determine "whether as a matter of law the defense asserted ... [is] insufficient." *Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chemical Corp.,* 684 F.2d 776, 779 (11th Cir.1982).

It is beyond dispute that a non-attorney may not represent a corporation in federal court. 28 U.S.C.A. § 1654 provides that "[i]n all courts of the United States parties may plead and conduct their own case personally or by counsel." The "courts have uniformly held that ... § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 202, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993). *See National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.,* 748 F.2d 602, 609 (11th Cir.1984) ("corporations must always be represented by legal counsel"), *cert. denied,* 471 U.S. 1056, 105 S.Ct. 2120, 85 L.Ed.2d 484, and 474 U.S. 1013, 106 S.Ct. 544, 88 L.Ed.2d 473 (1985); *see also K.M.A., Inc. v. General Motors Acceptance Corporation,* 652 F.2d 398, 399 (5th Cir.1981)[1]; *Southwest Express Co., Inc. v. Interstate Commerce Commission,* 670 F.2d 53, 55 (5th Cir.1982).

■ Kay argues that this rule is inapplicable to Triad because Triad is not a corporation, partnership, or association. The court agrees. Kay has submitted an affidavit attesting that Triad is a 'sole proprietorship' and that he never incorporated Triad. The only evidence offered by the plaintiffs in support of their claim that Triad is a corporation is a letter from Kay's insurance company which, in passing, refers to Triad as a corporation. Because the insurance company did not insure Triad, but only Kay himself, the company may not have known whether or not Triad is a corporation. The letter therefore is insufficient to establish that Triad is a corporation, especially in light of Kay's sworn affidavit.

■ Moreover, because Triad is a sole proprietorship and because it is owned by Kay, Kay may represent it. An individual owner may in general represent a sole proprietorship, for a sole proprietorship and its owner are essentially one and the same.[2]

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2. The court asserts this proposition only as a general one. There may be unusual instances, at law or in practice, where a sole proprietorship has taken on an existence separate from its owner.

*See, e.g., Clardy v. Sanders,* 551 So.2d 1057, 1059 (Ala.) ("Clardy the individual and Clardy Realty, a sole proprietorship, are but a single legal entity."), *cert. denied,* 493 U.S. 959, 110 S.Ct. 376, 107 L.Ed.2d 362 (1989); *cf.* Black's Law Dictionary 1248 (5th ed.1979) (a sole proprietorship is "A form of business in which one person owns all the assets of the business in contrast to a partnership, trust or corporation. The sole proprietor is solely liable for all the debts of the business."). Indeed, because Triad and Kay are one and the same, to deny Kay the right to represent Triad would be to deny Kay the right to represent himself as an individual.

The court accordingly will deny the motion to strike all defenses asserted by Triad in the answers filed by Kay. Kay may appear *pro se* on behalf of Triad (and essentially himself) pursuant to 28 U.S.C.A. § 1654.

■ However, the court will grant the motion to strike Body Energetics, Inc. from Kay's answers. Kay admits that Body Energetics is a corporation and that he is not an attorney. He argues that, because he is the sole stockholder and president, he should be able to appear on behalf of the corporation. Numerous courts have made clear that a non-attorney may not represent a corporation even, where as here, the would-be representative is the president, the sole shareholder, or both. *See National Independent Theatre Exhibitors,* 748 F.2d at 609 (sole shareholder); *Southwest Express,* 670 F.2d at 55 (president and principle shareholder); *United States v. High Country Broadcasting Co.,* 3 F.3d 1244 (9th Cir.1993) (president and sole shareholder), *cert. denied,* 513 U.S. 826, 115 S.Ct. 93, 130 L.Ed.2d 44 (1994); *Capital Group, Inc. v. Gaston & Snow,* 768 F.Supp. 264 (E.D.Wis.1991) (president and sole shareholder). This is so even where the corporation cannot afford counsel. *See id.* Because Kay may not represent Body Energetics, his answer on its behalf does not present a legally sufficient defense.

**3.** Triad also asserts that the judgment should be set aside as void because service of process was improper under Federal Rule of Civil Procedure 4. Because the court grants the motion on the basis of excusable neglect, the court at this time need not reach the issue of whether service of process was defective.

## II. MOTION TO SET ASIDE DEFAULT JUDGMENT

Triad and Body Energetics move to set aside the entry of default judgment on the grounds of mistake, inadvertence, and excusable neglect, and in the interests of justice. Because Kay cannot represent Body Energetics, the court will deny this motion as to Body Energetics. The court will, however, allow Body Energetics until September 23, 1999, to obtain legal attorney and to have counsel refile the motion. If by then Body Energetics is not represented by counsel in this litigation, the court will calculate default damages against Body Energetics without the corporation's participation.

■ However, as to Triad, the court will set aside the judgment on grounds of excusable neglect.[3]

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." And Federal Rule of Civil Procedure 60(b) provides that, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: .... mistake, inadvertence, surprise or excusable neglect."

■ "In order to set aside a default on the basis of excusable neglect, the defaulting party must first show that it had a meritorious defense that might have affected the outcome and that granting the motion would not result in prejudice to the opposing party." *Equal Employment Opportunity Commission v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 528 (11th Cir.1990) (citations omitted). The party also must show that "good reason existed for failure to reply to the complaint." *Id.*

Triad has met the requirements for setting aside the default judgment against it. First, Triad has shown that it has a meritorious defense to the action that might have

changed the outcome. Kay has submitted a sworn affidavit attesting that his only connection to this case is that he allowed defendant Hoffman to use his credit-card machine to charge a sale of products to the plaintiffs, because Hoffman was in the process of having his own credit-card machine installed. He also claims that he was not in business with Hoffman. Thus Triad has raised a meritorious defense to the plaintiffs' claims.

Furthermore, the plaintiffs have failed to show that they will be prejudiced by setting aside the entry of default. "Prejudice is not shown by the simple delay that will inherently attend in resolving a case from the setting aside of a judgment." 12 James Wm. Moore, et al., Moore's Federal Practice § 60.22[2] (3d ed.1999). Instead, prejudice is shown where evidence has been lost or destroyed, or will be more difficult to obtain, or where the plaintiffs' costs will increase to an unfair degree as a result of setting aside the default. *See id.* Here, there is no indication that the delay will prejudice the plaintiffs' ability to obtain evidence, that the plaintiffs' costs will increase substantially, or that the delay in obtaining damages will cause any hardship, especially given that the plaintiffs have already obtained settlements from four of the original plaintiffs. Accordingly, the court finds that the plaintiffs will not be unduly prejudiced by setting aside the default judgment.

Finally, the court finds that Triad's failure to reply to the complaint is a product of excusable neglect. The plaintiffs filed the complaint in this case on April 21, 1998. Kay clearly was aware of the action shortly after it was filed. By May 5, 1998, Kay had requested defense and indemnification from his insurance company. However, the insurance company refused to cover Triad or Body Energetics because Kay had only personal coverage.

Kay then contacted defendant Hoffman "and was assured that [he] was not a party."[4] Kay attests that, after subsequently receiving "additional information about subsequent filings and pleadings in this case, ...

[he] again approached Mr. Hoffman and was again assured that [Hoffman], his attorney or insurance company would take care of everything, as [Kay] was not a party."[5] Kay did nothing further in the case until he received notice of the pending entry of default judgment.

Kay, who resides in Hanover, Pennsylvania, explains also that he has limited financial means and consequently has not been able to obtain legal counsel to represent him in this Alabama litigation. Kay attests that he can work only between one and one and a half days per week because he has suffered various injuries, surgery, and heart disease, and because he cares for two elderly and ailing parents. He states that he made inquiries about attorneys in Alabama but could not afford the quoted fees.

Although Kay clearly should have obtained legal representation and filed an answer to the complaint, the court finds his failure to do so excusable. He relied on the assurances of Hoffman that he was not actually a party to the case. Assuming, as he claims, that his only relationship to the case was that he allowed Hoffman to use his credit-card machine, it is not entirely surprising that Kay, a layperson, believed such assurances. Kay would not have relied on Hoffman's representations had he obtained legal advice or hired an attorney. However, Kay claims that he could not afford to obtain counsel because of his limited financial means. The court finds that the default was a product of excusable neglect and will grant the motion to set aside the default as to Triad.

■ Even if the court does not characterize the default as stemming from excusable neglect, however, the court would set aside the default under Rule 60(b)(6), which allows courts to set aside judgments for "any ... reason justifying relief from the operation of the judgment." Triad has presented considerable evidence suggesting that it is only tangentially involved in this case and is not liable for any of the plaintiffs' injuries, while the plaintiffs have done little more than al-

**4.** *See* Affidavit by Robert Kay in support of defendant's motion to set aside default judgment, filed April 30, 1999, and letter attached thereto.

**5.** *Id.*

lege in the complaint that defendant Allen Hoffman was an agent of Triad. Under these circumstances, the court finds that setting aside the default judgment is in the interests of justice.

Accordingly, it is ORDERED that:

(1) The motion to strike, filed by plaintiffs Sue Lowery and Wendy Lowery on May 20, 1999, is granted to the extent that all references to "Body Energetics, Inc." are stricken from the answers filed by Robert Kay on April 30, 1999.

(2) Said motion is denied in all other respects.

It is further ORDERED that:

(1) The motion to set aside entry of default judgment, filed by Robert Kay on April 30, 1999, is granted to the extent that the default judgment against defendant Triad Holistic Health, entered on March 19, 1999, is vacated.

(2) Said motion is denied as to defendant Body Energetics, Inc.

(3) Defendant Body Energetics, Inc. is allowed until September 23, 1999, to obtain legal counsel and to have counsel refile the set-aside motion.