**UNITED STATES of America ex rel. Dr. Nira SCHWARTZ, Plaintiff,**

v.

**TRW INC., Boeing North America, Inc., and Nichols Research Corporation, Defendants.**

**No. CV96–3065–RAP (RMCx).**

United States District Court, C.D. California.

Jan. 14, 2000.

David W. Affeld, David W. Affeld Law Offices, Los Angeles, CA, for Nira Schwartz.

Nira Schwartz, Torrance, CA, pro se.

Gary Plessman, Asst. U.S. Atty., Civil Div., Los Angeles, CA, Dennis Egan, Alan E. Kleinburd, U.S. Dept. of Justice, Commercial Litigation Branch, Washington, DC, for U.S.

Jeffrey I. Weinberger, Richard E. Drooyan, Donovan J. Cocas, Natalie Pages Stone, Munger Tolles & Olson, Los Angeles, CA, for TRW Inc.

David C. Scheper, Marc S. Harris, Winston & Strawn, Los Angeles, CA, for Nichols Research Corp.

James J. Gallagher, Susan A. Mitchell, Christopher Brian McDavid, McKenna & Cuneo, Los Angeles, CA, for Boeing North American Inc.

**ORDER GRANTING DEFENDANTS' MOTION TO DISQUALIFY RELATOR AND DISMISS FIRST CAUSE OF ACTION; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S DECISION TO NOT APPOINT HER COUNSEL; ORDER DENYING PLAINTIFF'S MOTION TO FILE FOURTH AMENDED COMPLAINT; AND ORDER GRANTING DEFENDANT TRW'S MOTION TO NOT FILE AN ANSWER TO THE THIRD AMENDED COMPLAINT.**

PAEZ, District Judge.

## I.

### Introduction

Defendant TRW brings this motion to disqualify Dr. Nira Schwartz ("Schwartz") from acting as relator under the False Claims Act, 31 U.S.C. § 3729. Defendant TRW argues that because Schwartz is proceeding in *propria persona* and is not an attorney she must be disqualified from representing the United States in this qui tam action. TRW argues that in order to represent an entity other than oneself, one must be an attorney. The Court agrees that a non-attorney may not represent the real party in interest before this Court. Because Schwartz is admittedly not a member of any bar she may not represent the real party in interest in a qui tam action, the United States. Accordingly, the Court concludes that Schwartz should be disqualified as relator and that the First Cause of Action in plaintiff's Third Amended Complaint for violations of the False Claims Act should be dismissed without prejudice. Schwartz may continue to represent herself in her employment related claims.

## II.

### Discussion

#### A. Factual Background

Schwartz initially filed a complaint for violations of the False Claims Act, 31 U.S.C. § 3729, on April 20, 1996. Plaintiff has alleged that defendant TRW Inc. knowingly and falsely certified that certain technology developed for the Exo Atmosphere Kill Vehicle and the EFT/EKV Flight Test scheduled for June, 1996 was viable for its intended purpose, when TRW knew otherwise. In that complaint, plaintiff also claimed retaliation against her by the defendant in violation of 31 U.S.C. § 3730(h). Plaintiff subsequently filed a First Amended Complaint on April 4, 1997, and a Second Amended Complaint on December 3, 1997 and a Third Amended Complaint on November 1, 1999.

In her Second Amended Complaint, plaintiff expanded upon her retaliation

claim under 31 U.S.C. § 3730(h), and added claims for: (1) "employment retaliation" in violation of sections 1102.5 and 2856 of the California Labor Code; and (2) wrongful retaliation and termination. Plaintiff previously moved to file a third amended complaint adding several government agency defendants. The Court denied this motion on the grounds that plaintiff may not bring a False Claims Act claim against a governmental agency.

The Court granted plaintiff's request to file a Third Amended Complaint on November 1, 1999. Specifically, plaintiff added defendants Boeing North America, Inc. ("Boeing") and Nichols Research Corporation ("NRC").

At the same time that defendant TRW filed the instant motion, plaintiff filed yet another motion for leave to amend her complaint. The Fourth Amended Complaint would add defendants Aerospace Corporation ("Aerospace"), Lawrence Livermore National Laboratory ("LLNL") and MIT Lincoln Laboratory ("MIT").

## B. Propria Persona

■ Schwartz is proceeding in this matter in *propria persona*.[1] She is not a member of any bar and therefore under both the local rules and federal statutory law she is prohibited from representing an entity or individual other than herself. Local Rule 2.1 states that "[a]ppearance before the Court on behalf of a party may be made only by an attorney admitted to the Bar or permitted to practice before this Court." Similarly, 28 U.S.C. § 1654 requires that "[i]n all courts of the United States the parties may plead and conduct

*their own cases personally or by counsel. . . . "* (emphasis added).

All federal courts that have considered whether a lay person may represent other entities or individuals have held that only attorneys may engage in such representation. *Rowland v. California Men's Colony,* 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993)("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel").[2] According to the Supreme Court, this has been the established law for almost 200 years. *Id.* at 201–202, 113 S.Ct. 716. It is clear that a non-lawyer may only appear in pro per on his/her own behalf. The "privilege is personal to him." *C.E. Pope Equity Trust v. United States of America,* 818 F.2d 696, 697 (9th Cir.1987). This rule applies to all "artificial entities" and thus, would encompass the United States.

## C. The Nature of a Qui Tam Claim

Federal qui tam suits are brought under the False Claims Act, 31 U.S.C. §§ 3729–3733, which provides penalties for one who knowingly presents a false claim to the government, and also offers incentives to whistleblowers who expose false claims. The nature of a qui tam action is that the relator, here Schwartz, represents the United States. The operative language of the statute is that "[a] person may bring a civil action for a violation of [the Act] for the person and for the United States Government." 31 U.S.C. § 3730(b)(1). The private individual brings suit to recover money on behalf of the government. In return for bringing the claim to the attention of the government, the relator re-

1. In her opposition to defendant's motion, Dr. Schwartz states that she is a "lay person in the law." (Pl's Opp. at 7; Pl's Decl. ¶ 8.)

2. The Supreme Court noted that in two cases, federal courts have allowed non-lawyers to represent artificial entities. The Court effectively overruled the cases explaining that they "neither follow federal precedent nor have themselves been followed." *Rowland,* 506

U.S. at 202, n. 5, 113 S.Ct. 716. The Ninth Circuit has since recognized that its prior ruling in one of the two cases, *United States v. Reeves,* was effectively overruled by the Supreme Court in *Rowland. In re America West Airlines,* 40 F.3d 1058, 1059 (9th Cir.1994)(holding that a senior partner, non-lawyer, may not represent a business association in a bankruptcy proceeding).

ceives a share of whatever money the government recovers from the defendant. Despite the fact that the relator is entitled to share in the recovery, in qui tam actions, the government remains at all times the "real party in interest." *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir.1994). Even in a case, such as here, where the government has failed to intervene, the United States remains the real party in interest. *Id.* Schwartz argues in her opposition that the government's failure to intervene makes her the "only party in this case." (Pl's Opp. at 2.) That is simply not the case.

## D. Litigating in Propria Persona

### 1. *Qui Tam Cases on Point*

Only two cases have examined in any detail whether a pro per litigant can represent the United States in a qui tam action.[3] Both have concluded that a non-attorney may not proceed pro per in such a case. *United States v. Onan*, 190 F.2d 1 (8th Cir.1951) *cert. denied*, 342 U.S. 869, 72 S.Ct. 112, 96 L.Ed. 654 (1951); *United States ex. rel Tyler v. California*, Case No. S–98–2130 (GEB)(JFM) (E.D.Cal. Sept. 24, 1999)(unpublished order).

The principle case on point on this issue is *United States v. Onan*. In *Onan*, the Eighth Circuit held that it did "not think that Congress could have intended to authorize a layman to carry on such a suit as an attorney for the United States but must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself." *Onan*, 190 F.2d at 6. The Eighth Circuit reached this conclusion even in light of the False Claims Act's wording that a suit "may be brought and carried on by any person." In short, the Eighth Circuit held that "any person" must be represented by counsel.

Citing *Onan*, a district court in the Eastern District of California issued an order in *United States ex rel. Tyler v. California*, holding that a qui tam relator could not proceed in propria persona. The court reached this conclusion by relying on case law holding that non-lawyers may not represent artificial entities before a court and the Eighth Circuit's ruling that a lay person could not represent the United States in a qui tam action. *Id.* at 2–3. The district court held that "[a]lthough [the relator] himself has a stake in the outcome of this action, his necessary representation of the United States' interests herein would contravene these well-settled principles. Consequently, [the relator] will not be allowed to proceed on this motion in *propria persona.*" *Id.* at 4.

### 2. *Analogous Types of Claims*

Stockholder derivative lawsuits and class actions require plaintiffs to stand in a similar posture as relators in qui tam actions.

In shareholder derivative suits, a shareholder sues the company for breach of a fiduciary duty. In similar fashion to a qui tam action, a derivative action seeks to enforce the corporation's substantive rights not the nominal plaintiff's. *Phillips v. Tobin*, 548 F.2d 408, 409, n. 1 (2nd Cir.1976)(holding that "[c]ourts have repeatedly held that the substantive right in a stockholder's derivative suit is that of the corporation ... and not that of the stockholders." *Id.* at 411 (internal citations omitted)).

Because plaintiffs in corporate derivative lawsuits are suing in the name of the company, the Second Circuit found that they must be represented by counsel. *Id.*

**3.** While not expressly determining the issue before the Court, the Second Circuit in *Safir v. Blackwell*, 579 F.2d 742 (2nd Cir.1978), in considering whether to allow a pro per qui tam relator to amend a complaint, noted that the defendants had failed to raise the issue determined in *Onan*, that a pro per litigant may not proceed on his own. The Second Circuit noted that, as the relator promised to retain counsel if either of the orders being appealed were reversed, it did not need to consider the issue. *Id.* at 745, n. 4.

at 415. The Second Circuit impliedly recognized the similarity of derivative and qui tam actions by citing *Onan* affirmatively. The Second Circuit repeated the policy arguments against pro per litigants voiced in *Onan.*

Class action lawsuits, also have a single or small group of plaintiffs representing a larger class. The named plaintiff litigates the case on behalf of others. Because the named plaintiff is representing not only themselves but others, courts have uniformly refused to permit them to proceed without counsel. The Fourth Circuit in *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975), refused to allow a pro per prisoner to bring a class action on behalf of fellow inmates. The Fourth Circuit, as with the courts in the Second and Eighth Circuits, was concerned with the quality of the representation provided by the pro per litigant. "Ability to protect the interests of the class depends in part on the quality of counsel." *Id. citing Gonzales v. Cassidy*, 474 F.2d 67 (5th Cir.1973).

### 3. *Policy Considerations*

Almost all of the courts that have rejected the right of pro pers to represent others in a lawsuit have noted that non-lawyers lack both ethical constraints and the necessary skills.

Lawyers are bound to ethical constraints to which non-lawyers may have no knowledge and no obligation. Violation of these fundamental canons may result in serious consequences to the errant attorney. There is no such threat to pro per litigants. "The practice of law is affected with a public interest and an attorney at law as distinguished from a layman, has both public and private obligations, being sworn to act with all good fidelity toward both his client and the court." An attorney "has an obligation which he owes to the court as well as to his client, and he owes a public duty to aid in the administration of justice, to uphold the dignity of the court and respect its authority." *Onan*, 190 F.2d at 6–7.

The Second Circuit in *Phillips* was particularly concerned with the fact that the plaintiff was "a self-chosen representative and a volunteer champion." *Phillips*, 548 F.2d at 412. The Circuit expressed concern that the court system should not be placed at the "disposal" of such an individual "without imposing standards of responsibility, liability and accountability which … will protect the interests he elects himself to represent." *Id.*

The Second Circuit, in disqualifying a pro per CEO and shareholder from representing a corporation based on similar policy arguments, held that "[i]n addition to lacking professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, e.g. to avoid litigating unfounded or vexatious claims." *Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (2nd Cir.1983).

In addition, the pro per litigant's lack of skill is also an issue of concern in cases as complicated as qui tam actions. In *Tyler* the court noted that "the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, [and] proceedings that are needlessly multiplicative." *Tyler*, CIV S–98–2130 at 3–4, *citing Jones*, 722 F.2d at 22.

The Second Circuit held that a lay person could not provide the company with "the competent legal representation which a case of this nature would warrant." *Phillips*, 548 F.2d at 412. In addition, the Circuit held that the company would not be "adequately protected against the plaintiff's failure to comply with the disciplines required of an attorney as an officer of the court." *Id.*

Defendant points out in its papers that, to date, Schwartz's efforts in this case have been woefully inadequate. (Def's Mot. at 9.) To cite just a few examples, she has allegedly disclosed classified military se-

crets, failed to abide by court orders, filed incomprehensible documents both in the form of motions and discovery requests, and filed multiple motions on a continuous basis without merit. Finally, plaintiff's most recent motion and opposition to defendant's motion, show her inability to grasp the fundamental nature of the process in which she is a participant. She has asked the court to "disqualif[y]" the "defendant's lawyers ... from appearing in any court." [4] She has also asked that the Court sanction them. (Pl's Opp. at 6.)

### 4. Collateral Estoppel/Res Judicata—The Interests of the United States Government

The Second Circuit noted that the decision in *Phillips* and the decisions in other circuits regarding qui tam actions and class actions were "rendered to protect citizens and litigants against 'the mistakes of the ignorant on the one hand, and the machinations of unscrupulous persons on the other.'" *Phillips*, 548 F.2d at 413. Any final judgement in this qui tam action affects the rights of the United States to bring future actions on the same claims asserted here, even if the government obtained new evidence. Any determination in this case would likely be given res judicata and collateral estoppel effect against future cases. The United States as the real party in interest in this matter will be bound to whatever final judgement Schwartz is able to obtain. It is for this reason that the Second Circuit held that "the person prosecuting the suit must be subject to the standards of ability, responsibility, liability and accountability required of members of the bar, as officers of the court and by the Code of Professional Responsibility." *Id.* at 413.

### III.

### Other Pending Motions

In addition to the motion to disqualify Schwartz as relator, there are several oth-

er motions currently pending before the Court.

### 1. Plaintiff's Motion for Reconsideration of Court's Denial of Request to Appoint a "Public Lawyer"

█ The Court previously held that Schwartz was not entitled to private counsel at public expense under the False Claims Act. There is no statutory or case law authority for the appointment of counsel at public expense in a qui tam action. This motion is therefore **denied.**

### 2. Plaintiff's Motion for Leave to File a Fourth Amended Complaint

As the Court has determined that Schwartz may not proceed in pro per in her qui tam claim, plaintiff's motion for leave to file a Fourth Amended Complaint is denied as moot.

### 3. Defendant TRW's Motion for Leave to File an Answer to Third Amended Complaint, or in the Alternative, Order that No Response is Necessary

Because the Third Amended Complaint only differs from the Second Amended Complaint by the addition of new defendants, defendant TRW need not file an answer to the Third Amended Complaint. Its answer to the Second Amended Complaint shall be deemed its answer to the Third Amended Complaint. The motion is **granted** as no response is necessary.

### IV.

### Conclusion

For the reasons noted above, defendant's motion to disqualify Schwartz as relator and dismiss the first cause of action without prejudice is **GRANTED.** Plaintiff shall have sixty (60) days to obtain counsel.

---

4. The Court also recognizes that a pattern has emerged, in which every time a party other than Schwartz files a motion against Schwartz, she files the same motion against them.

If plaintiff is able to retain counsel within sixty days she may reinstate the first cause of action by applying to the Court for such relief. In addition, the plaintiff's Motion for Reconsideration of the Court's Order denying plaintiff's request to appoint counsel on her behalf and plaintiff's motion to file a Fourth Amended Complaint are **DENIED.** Defendant TRW's motion to deem its Answer to the Second Amended Complaint as its Answer to the Third Amended Complaint is **GRANTED.**

**IS SO ORDERED.**