**UNITED STATES of America**

**v.**

**Timothy D. BROWN, et al.**

**No. CRIM. 01–10012.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

March 3, 2002.

B L S B Inc, c/o Betty L S Brown, Pineville, LA, Pro se.

---

W W T O Inc, c/o Tongula Veal, Alexandria, LA, Pro se.

H Bradford Calvit, Provosty Sadler & deLaunay, Alexandria, LA, for William Earl Hilton, June Murdock, Jimmy Chevalier, City of Alexandria, Ned Randolph, interested parties.

Kathy Duhon Williams, LA Dept of Public Safety & Corrections, Baton Rouge, LA, for LA State Police, interested party.

Donnie Ann Conston, Alexandria, LA, Pro se.

Dele A Adebamiji, Dele A Adebamiji & Assoc, Baton Rouge, LA, Pro se.

Rochelle Henton Barnes, Pineville, LA, Pro se.

Gary B Tillman, Tillman & Willett, Alexandria, LA, for Money Shack L L C, interested party.

Timothy A Meche, New Orleans, LA, for Timothy D Brown, defendant.

Timothy D Brown, Vernon Corr Facility, Leesville, LA, Pro se.

Christopher Michael Brown, Leesville, LA, Pro se.

Dele A Adebamiji, Dele A Adebamiji & Assoc, Baton Rouge, LA, for Christopher Michael Brown, defendant.

William M Dauphin, Jr, Lafayette, LA, Joseph Patten Brown, III, Memphis, TN, for Kenneth Wayne Pearson, defendant.

Kenneth Wayne Pearson, Alexandria, LA, Pro se.

Michael C Piccione, Sr, Piccione Law Firm, New Orleans, LA, Thurston Washington, Alexandria, LA, for Thurston Washington (4) aka Thurston Thermaine Pierson, defendant.

James G Cowles, Jr, U S Atty's Office, Shreveport, LA, Richard A Willis, U S Atty's Office, Lafayette, LA, for U.S. Attorneys.

## *RULING*

LITTLE, Chief Judge.

BLSB, INC. and W.W.T.O., INC. have filed pleadings in this matter. Each corporation suggests that the property seizures issued as a result of criminal convictions of the defendants in these proceedings should be annulled. Each corporation argues that as an owner of the seized property, it is not responsible for the criminal conduct of any defendant that used the property.

We are unable to consider the motions. In civil actions, and these motions are civil in nature, corporations must be represented by licensed counsel. Although an individual has a statutory right to represent himself in federal court without the participation of a lawyer, under 28 U.S.C. § 1654, a corporation may be represented only by an attorney. Thus, a corporation may not appear in a federal civil action pro se. This rule applies even where the would-be representative of the corporation is the corporate president and sole shareholder. *See Lowery v. Hoffman,* 188 F.R.D. 651 (M.D.Ala.1999). As the Fifth Circuit stated in *Southwest Express Co., Inc. v. Interstate Commerce Comm'n,* 670 F.2d 53, at 56: "Corporations and partnerships, by their very nature, are unable to represent themselves, and the consistent interpretation of Section 1654 is that the only proper representative of a corporation or partnership is a licensed attorney, not an unlicensed layman, regardless of how close his association with the corporation or partnership."

The motions will not be considered by this court.